IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> 950 Pennsylvania Avenue NW ) <br> Washington, DC 20530-0001, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.  Defendant U.S. Department of Justice ("Defendant") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.  On February 17, 2022, Plaintiff submitted a FOIA request to Defendant seeking access to the following public records:

    1.  All records regarding the Federal Bureau of Investigation's Crossfire Hurricane investigation that were provided to the White House by the Department of Justice on or about December 30, 2020. For purposes of clarification, the records sought are those described in a January 19, 2021 Presidential Memorandum (see https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-declassification-certain-materials-related-fbis-crossfire-hurricane-investigation/).

    2.  All records of communication between any official or employee of the Department of Justice and any official or employee of any other branch, department, agency, or office of the federal government regarding the declassification and release of the records described in part one of this request.

6.  The request was served via email to the email address for FOIA requests, MRUFOIA.Request@usdoj.gov, identified on Defendant's website. The time frame of the request was identified as "December 1, 2020 to the present." A true and correct copy of the request is attached hereto as Exhibit 1. A true and correct copy of the memorandum referenced in the request is attached hereto as Exhibit 2.

7. Defendant subsequently acknowledged receipt of the request and assigned the request tracking number EMRVFOIA72722.

8. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 31, 2022, at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 1, 2022                                    Respectfully submitted,

                                                  *s/ Paul J. Orfanedes*
                                                  PAUL J. ORFANEDES
                                                  D.C. Bar No. 429716
                                                  JUDICIAL WATCH, INC.
                                                  425 Third Street SW, Suite 800
                                                  Washington, DC 20024
                                                  Tel:    (202) 646-5172
                                                  Fax:    (202) 646-5199
                                                  Email: porfanedes@judicialwatch.org

                                                  *Counsel for Plaintiff*

# **EXHIBIT 1**

# Paul Orfanedes

| | |
|---|---|
| **From:** | Sean Dunagan |
| **Sent:** | Thursday, February 17, 2022 10:07 AM |
| **To:** | MRUFOIA Requests |
| **Subject:** | FOIA Request |
| **Attachments:** | DOJ_CrossfireHurricane.pdf |

Good morning. Please find attached a Freedom of Information Act request for the Department of Justice. Thank you very much for your time and assistance.

February 17, 2022

<u>VIA EMAIL</u>

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**<u>Re: Freedom of Information Act Request</u>**

Dear Freedom of Information Officer:

Judicial Watch, Inc. ("Judicial Watch") hereby requests that the Department of Justice produce the following records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

**1. All records regarding the Federal Bureau of Investigation's Crossfire Hurricane investigation that were provided to the White House by the Department of Justice on or about December 30, 2020. For purposes of clarification, the records sought are those described in a January 19, 2021 Presidential Memorandum (see https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-declassification-certain-materials-related-fbis-crossfire-hurricane-investigation/).**

**2. All records of communication between any official or employee of the Department of Justice and any official or employee of any other branch, department, agency, or office of the federal government regarding the declassification and release of the records described in part one of this request.**

**The time frame for this request is December 1, 2020 to the present.**

Please determine whether to comply with this request within the time period required by FOIA and notify us immediately of your determination, the reasons therefor, designee. 5 U.S.C. § 552(a)(6)(i). Please also produce all responsive records in an electronic format ("pdf" is preferred), if convenient. We also are willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

Judicial Watch also hereby requests a waiver of both search and duplication fees. We are entitled to a waiver of search fees because we are a "representative of the news media." See 5 U.S.C. § 552(a)(4)(A)(ii)(II); see also Cause of Action v. Federal Trade Comm., 799 F.3d 1108 (D.C. Cir. 2015); Nat'l Sec. Archive v. U.S. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989). For more than twenty years, Judicial Watch has used FOIA and other investigative tools to gather information about the operations and activities of government, a subject of undisputed public interest. We submit over 400 FOIA requests annually. Our personnel, which includes experienced journalists and professional writers on staff and under contract, use their editorial skills to turn this raw information into distinct works that are disseminated to the public via our monthly newsletter, which has a circulation of over 300,000, weekly email update, which has over 600,000 subscribers, investigative bulletins, special reports, [www.judicialwatch.org](www.judicialwatch.org) website, Corruption Chronicles blog, and social media, including Facebook and Twitter, among other distribution channels. We have authored several books, including Corruption Chronicles by Tom Fitton (Threshold Editions, July 24, 2012), and another book, Clean House by Tom Fitton (Threshold Editions, Aug. 30, 2016), is forthcoming. In 2012, we produced a documentary film, "District of Corruption," directed by

Stephen K. Bannon. Our "news media" status has been confirmed in court rulings. See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Defense, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006); Judicial Watch, Inc. v. U.S. Dep't of Justice, 133 F. Supp.2d 52 (D.D.C. 2000). As a tax exempt, 501(c)(3) non-profit corporation, we have no commercial interests and do not seek the requested records for any commercial use. Rather, we intend to use the requested records as part of our on-going investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

Judicial Watch also is entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." Cause of Action, 799 F.3d at 1115 (quoting 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels. Cause of Action, 799 F.3d at 1116 (quoting Carney v. U.S. Dep't of Justice, 19 F.3d 807, 815 (2d Cir. 1994)). Again, Judicial Watch does not seek the requested records for any commercial benefit or for its own "primary" benefit, but instead seeks them as part of its ongoing investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

In the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch agrees to pay up to $300.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please don't hesitate to contact me at sdunagan@judicialwatch.org or (814)691-9806.

Thank you for your cooperation.

Sincerely,

Sean Dunagan

Judicial Watch, Inc

# **EXHIBIT 2**

Case 1:22-cv-02264-RDM   Document 1   Filed 08/01/22   Page 10 of 13

This is historical material "frozen in time". The website is no longer updated and links to external websites and some internal pages may not work.

PRESIDENTIAL MEMORANDA

# Memorandum on Declassification of Certain Materials Related to the FBI's Crossfire Hurricane Investigation

LAW & JUSTICE

Issued on: **January 19, 2021**

★ ★ ★

MEMORANDUM FOR THE ATTORNEY GENERAL

THE DIRECTOR OF NATIONAL INTELLIGENCE

THE DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY

SUBJECT:   Declassification of Certain Materials Related to the FBI's Crossfire Hurricane Investigation

By the authority vested in me as President by the Constitution and the laws of the United States of America, I hereby direct the following:

Section 1.  Declassification and Release.   At my request, on December 30, 2020, the Department of Justice provided the White House with a binder of materials related to the Federal Bureau of Investigation's Crossfire Hurricane investigation.  Portions of the documents in the binder have remained classified and have not been released to the Congress or the public.  I requested the documents so that a declassification review could be performed and so I could determine to what extent materials in the binder should be released in unclassified form.

I determined that the materials in that binder should be declassified to the maximum extent possible.  In response, and as part of the iterative process of the declassification review, under a

cover letter dated January 17, 2021, the Federal Bureau of Investigation noted its continuing objection to any further declassification of the materials in the binder and also, on the basis of a review that included Intelligence Community equities, identified the passages that it believed it was most crucial to keep from public disclosure. I have determined to accept the redactions proposed for continued classification by the FBI in that January 17 submission.

I hereby declassify the remaining materials in the binder. This is my final determination under the declassification review and I have directed the Attorney General to implement the redactions proposed in the FBI's January 17 submission and return to the White House an appropriately redacted copy.

My decision to declassify materials within the binder is subject to the limits identified above and does not extend to materials that must be protected from disclosure pursuant to orders of the Foreign Intelligence Surveillance Court and does not require the disclosure of certain personally identifiable information or any other materials that must be protected from disclosure under applicable law. Accordingly, at my direction, the Attorney General has conducted an appropriate review to ensure that materials provided in the binder may be disclosed by the White House in accordance with applicable law.

Sec. 2.  General Provisions.  (a)  Nothing in this memorandum shall be construed to impair or otherwise affect:

(i)  the authority granted by law to an executive department or agency, or the head thereof; or

(ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b)  This memorandum shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c)  This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

(d)  The Attorney General is authorized and directed to publish this memorandum in the Federal Register.

DONALD J. TRUMP

The White House

President Donald J. Trump
Vice President Mike Pence
First Lady Melania Trump
Mrs. Karen Pence
The Cabinet
Administration Accomplishments

News
Remarks
Articles
Presidential Actions
Briefings & Statements
About The White House

Economy & Jobs
Budget & Spending

Education

Immigration

National Security & Defense

Healthcare

Council of Economic Advisers

Council of Environmental Quality

National Security Council

Office of Management and Budget

Office of National Drug Control Policy

Office of Science and Technology Policy

Copyright   Privacy Policy